UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PUGET SOUNDKEEPER ALLIANCE

Plaintiff,

v.

TACOMA METALS INCORPORATED,

Defendant.

Case No. C07-5227-RJB

ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS

This matter comes before the Court on Plaintiff's Motion for Leave to File Amended Complaints. Dkt. 13. The Court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

I. PROCEDURAL BACKGROUND

On May 4, 2007, Plaintiff Puget Soundkeeper Alliance ("Plaintiff" or "Soundkeeper") filed a complaint claiming that Defendant Tacoma Metals Incorporated ("Defendant" or "Tacoma Metals") violated various provisions of the Federal Water Pollution Control Act, 33 U.S.C. § 1251 *et seq*. ("Clean Water Act"). Dkt. 1. On June 1, 2007, Defendant filed its answer to the complaint. Dkt. 7. On December 4, 2007, the Court issued a scheduling order that set January 3, 2008, as the deadline for joinder of additional parties. Dkt. 12.

On January 2, 2008, Plaintiff filed a Motion for Leave to File Amended Complaints. Dkt. 13. In that motion, Plaintiff seeks to amend its complaint by joining Mr. Robert Pollack, the sole or primary

owner of Tacoma Metals. *Id.* at 3  On January 2, 2008, Plaintiff notified Mr. Pollack of its intention to join him to this suit. *Id.*  The Clean Water Act requires that citizen plaintiffs provide notice to potential defendants of the alleged violations and their intent to file a citizen suit against the defendant at least sixty days before filing a complaint. 33 U.S.C. § 1365(b).  In the motion for leave to amend, Plaintiff asks the Court to grant an advanced leave to amend the complaint so that Plaintiff can add Mr. Pollack once the sixty day Clean Water Act time limitation expires. *Id.*

## II. DISCUSSION

Under Fed. R. Civ. Pro. 15, after the defendant has served the plaintiff with an answer to plaintiff's complaint, plaintiff may only amend the complaint with the defendant's written consent or by leave of court. Fed. R. Civ. Pro. 15(a)(1)-(2). The court should freely grant leave when justice so requires. *Id.* at (2). This policy is to be followed with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). In deciding whether to grant leave to amend, the court should consider a showing of prejudice to the opposing party or a strong showing of bad faith, undue delay, or futility of the amendment. *Eminence Capital, LLC*, 316 F.3d at 1052.

Plaintiff has moved to amend its complaint on two separate future occasions. Dkt. 13 at 1. Defendant does not object to Plaintiff's first amended complaint that incorporates allegations concerning Defendant's noncompliance with an administrative order issued by the Washington Department of Ecology. Dkt. 14 at 1-2; Dkt. 13 at 4. Therefore, the Court should grant to Plaintiff leave to amend the complaint as set forth in Plaintiff's First Amended Complaint (Dkt. 13, Attachment A).

Defendant does object to Plaintiff's Second Amended Complaint (Dkt. 13, Attachment B). Dkt. 14 at 2. In the second amended complaint, Plaintiffs seek to add a new party, Mr. Robert Pollock. *See* Dkt. 13, Attachment B at 1. Plaintiff claims that Mr. Pollock is the sole or primary owner of Defendant Tacoma Metal. Dkt. 13 at 3. Defendant argues that Plaintiff's second amendment is futile, that Plaintiff has unduly delayed bringing the claims against Mr. Pollack, and that Mr. Pollack would be severely prejudiced by Plaintiff's amendment.

**A.   Futility of the Amendment**

Defendant argues that there is no legal basis for Plaintiff's proposed claims against Mr. Pollock.

1  Dkt. 14 at 2. Specifically, Defendant contends that "in the absence of actions constituting a factual basis
2  for setting aside the corporate entity, which are not alleged in this case, a corporate officer is not liable for
3  the acts of the corporation." *Id*. at 2-3. Plaintiff argues that corporate officers can be found directly liable
4  for violations of the Clean Water Act under the "responsible corporate officer" doctrine. *See*
5  *Waterkeepers N. Cal. Vl AG Indus. Mfg, Inc.,* 2005 U.S. Dist. LEXIS 43006, at \*36-39 (E.D. Cal August
6  19, 2005).
7    In *Waterkeepers*, the district court for the Eastern District of California considered a summary
8  judgment motion to dismiss claims against the president of the Defendant corporation. *Id.* at \*39. The
9  court discussed Supreme Court and Ninth Circuit case law in its consideration of whether the corporate
10 officer could be held liable for actions of the corporation under the Clean Water Act. *Id.* The court
11 eventually concluded that it could not "say as a matter of law that [the corporate president] is not liable in
12 this matter, and consequently his request for summary adjudication is denied." *Id.*
13   In light of the *Waterkeepers* case, Defendant's futility argument fails. Based on the factual
14 similarity between this case and the *Waterkeepers* case, declining the motion for leave to amend would
15 effectively be deciding the issue of corporate officer liability as a matter of law. The Court should *freely*
16 grant leave to amend the complaint with extreme liberality, a more lenient standard than the summary
17 judgment standard before the court in *Waterkeepers*. *See above*. Therefore, as this stage of the litigation,
18 the amendment is not clearly futile and the Court should not decline to grant to Plaintiff leave to amend the
19 complaint based on futility of the amendment.
20 **B.    Undue Delay**
21   Defendant argues that Plaintiff has unduly delayed bringing its proposed claims against Mr. Pollack
22 because Plaintiff was aware that Mr. Pollack was a "responsible officer of the corporation since at least
23 August 2, 2007." Dkt. 14 at 7. Plaintiff contends that "The facts prompting the request to join Mr.
24 Pollock as a defendant only recently came to Soundkeeper's attention through informal discovery,
25 including a tour of the facility that is the subject of this lawsuit that occurred on October 19, 2007. Since
26 that time Soundkeeper has diligently acted to evaluate and pursue the claims against Mr. Pollock." Dkt. 15
27 at 4. Defendant's have failed to show that this is undue delay in bringing the claims against Mr. Pollock.
28 Therefore, the Court should not deny Plaintiff's motion based on undue delay.

### C. Prejudice

Defendant argues that Mr. Pollack would be severely prejudiced if he were to be joined this late in the litigation. Dkt. 14 at 10. In other words, Defendant Tacoma Metals is not arguing that it would be prejudiced, it is arguing that Mr. Pollack would be prejudiced if the Court granted Plaintiff leave to amend the complaint. While it is unclear whether the definition of "opposing party" includes the yet to be joined Mr. Pollack, he must have been aware of and involved in this ongoing litigation because of his role as a corporate officer of Tacoma Metals. Defendant has failed to show that the difference between identical claims based on corporate liability and personal liability will severely prejudice Mr. Pollack, the sole or primary owner of the current Defendant Tacoma Metals. Therefore, the Court should not deny Plaintiff's Motion because of prejudice. Moreover, Defendant Tacoma Metals has not shown that it would be prejudiced by permitting Plaintiff to file a second amended complaint, adding Mr. Pollack as a Defendant.

### III. ORDER

Therefore, it is hereby

**ORDERED** that Plaintiff's Motion for Leave to File Amended Complaints (Dkt. 12) is **GRANTED**. Plaintiff must file both the first amended complaint and the second amended complaint before March 7, 2008.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 23rd day of January, 2008 .

ROBERT J. BRYAN
United States District Judge